## Wheeling.

### NATHANIEL HARRISON, ADM'R, *vs.* SMITH, RHODES & CO.

#### January Term, 1870.

S. R. & Co., as a firm, instituted suit against H., who tendered an affidavit under the "suitor's test oath" act, averring that "S. & R." were plaintiffs and he was defendant, and that S. & R. had aided in the rebellion, &c. The court below refused to permit the affidavit to be filed and to make an order requiring the plaintiff to take the "suitors' test oath." HELD:

> That there was no error in the refusal of the court to permit the affidavit to be filed, as it does not appear to be in the suit of "S. R. & Co." Even if S. & R. were the same parties mentioned in the suit in which the affidavit is sought to be filed, still there is no affidavit that the other members of the firm of S. R. & Co. ever aided in the rebellion, &c., and without that the suit could not be dismissed, as it is sufficient if "any one" of the plaintiffs shall take the oath of expurgation. See 2 W. Va. R., 285.

Smith, Rhodes & Co., a firm composed of Thos. Smith, Edward H. Rhodes, Geo. W. Wilson and William S. Hart, as its individual members, brought suit against Nathaniel Harrison, administrator of William Erskine, deceased, in the circuit court of Kanawha county, and filed their declaration at March rules, 1867. The action was founded on a bond executed by the defendant's decedent in 1860, to the plaintiffs, by their firm name and style of Smith, Rhodes & Co. At the April term following, the defendant pleaded *nil debit*, payment and set off.

There was an affidavit tendered to be filed under the "suitors' test oath" act, by the defendant, at the April term,

1867, but it does not seem to have been determined by the circuit court nor by this court.

On the 16th of December, 1867, the defendant tendered another affidavit under the acts of March 1st, 1866, and the acts in relation to oaths by suitors, referred to in that act, which described the suit as "Smith & Rhodes," plaintiffs. The court refused to permit this affidavit to be filed, on objection by the plaintiffs, (the reason for which refusal does not appear,) and also refused to make an order requiring the plaintiffs to take and file the oath of expurgation.

Judgment was rendered for the amount of the debt.

The defendant excepted to the refusal of the court to make the order.    The case was brought here on a writ of error and supersedeas.

Hon. Jas. W. Hoge, Judge of the circuit court of Kanawha, presided on the trial of the cause.

*Stanton & Allison* for plaintiff in error.
*Boggess* for the defendants in error.

BROWN, *President.*

This, then, was an action of debt, in the circuit court of Kanawha county, by Thomas Smith, Edward H. Rhodes, George W. Wilson, and Wm. S. Hart, partners under the firm name of Smith, Rhodes & Co., against Nathaniel Harrison, Administrator, with the will annexed of Wm. Erskine, dec'd.

The defendant pleaded *nil debit,* payment, and set off, and at the April term, 1867, tendered an affidavit intended to be under and in pursuance of the act of February 28th, 1865, in relation to suitor's oaths, and the act of March 1st, 1866, to the filing of which affidavit the plaintiff objected, and the court took time to consider.

At the December Term, 1867, the defendant tendered another affidavit under the said acts, in relation to the oaths of suitors, and asked it to be filed, and that the attorney

for the plaintiffs be required to disclose for whose use the suit was prosecuted, and that the plaintiffs be required to take the oath of expurgation required in said acts. To the filing of which affidavit the plaintiffs again objected, which objection the court sustained, and refused to permit the affidavit to be filed, to which ruling and refusal the defendant excepted.

The first affidavit purported to be written and sworn to in Monroe county; and after describing the suit thus, *Smith, Rhodes & Co.* vs. *Nathaniel Harrison, Administrator*, with the will annexed, of William Erskine, deceased, circuit court of Kanawha county, West Virginia, proceeds: "I, N. Harrison, Administrator, &c., * * * do solemnly swear that I have good cause to believe, and do believe, that the person for whose use and benefit the above suit is prosecuted, has heretofore aided and abetted the so-called confederate states," &c.

Upon this first affidavit the court, after taking time to consider, rendered no judgment, so far as appears by the record, nor is any exception taken for not deciding upon it one way or the other. It must, therefore, be taken to have been waived by the defendant, or the ruling, if any, of the court upon it, acquiesced in by him.

The second affidavit, purporting also to be made in Monroe county, proceeds thus: "I, N. Harrison, Administrator, with the will annexed, of William Erskine, dec'd, do solemnly swear that I am defendant in an action of debt now pending in the circuit court of Kanawha county, West Virginia, in which Smith & Rhodes are plaintiffs, and I furthermore do solemnly swear that I have good cause to believe, and do believe, that the persons for whose use or benefit the above action is prosecuted have heretofore aided and abetted the so-called confederate states," &c.

The ruling of the court, excluding this second affidavit, is the error alleged in this case. Whether the court below excluded the affidavit for the alleged unconstitutionality of the acts authorizing such affidavits, or for other causes, is

not stated in the record, nor on what ground the court based its action.

But upon inspection of the affidavit it will be observed that the suit described in it is a different suit from that in which it is offered to be filed, the suit described in the affidavit being by two plaintiffs only, viz: Smith and Rhodes, while the suit in which it is offered to be filed is a suit by four plaintiffs, viz: Thomas Smith, Edward H. Rhodes, George W. Wilson, and William S. Hart, partners, &c. The affidavit states that the affiant believes, &c., that the persons for whose use or benefit the action, that is, the action of Smith and Rhodes, against the affiant, (and not the action of Thomas Smith, Edward H. Rhodes, George W. Wilson, and William S. Hart, partners under the firm name of Smith, Rhodes & Co., against affiant,) have heretofore aided and abetted the so-called confederate states, &c. And if the Smith and Rhodes mentioned in the affidavit were the same in both suits mentioned, still there is no affidavit that the other two plaintiffs, Wilson and Hart, ever aided the rebellion, or were disloyal, and without that the suit could not have been dismissed, for by the 2d section of the act, if any one of the plaintiffs shall take the oath of expurgation required, the case could not be dismissed as to any. *Nadenbousch* vs. *Sharer*, 2 W. Va. Rep., 285.

I think, therefore, the court properly refused to permit the affidavit to be filed, and properly declined to make the order required by the defendant, in that behalf as aforesaid.

The judgment should therefore be affirmed, with costs and damages to the defendants in error.

The other judges concurred.

JUDGMENT AFFIRMED.