# Wheeling,

## The Bank of Virginia for the use of Isaacs, Taylor & Williams v. Handley *et al.*

Decided April 26, 1879.

Absent, Moore, Judge.

1. The P. D. & Co. of the Bank of Virginia, a corporation who sued for the benefit of W. B. I., W. G. T. and J. C. W., partners in trade under the name, firm and style of Isaacs, Taylor & Williams, brought an action of debt in the circuit court of the county of Greenbrier against the maker and endorsers of a negotiable protested note on the 27th day of July, 1874, which note is described in the declaration as bearing date the 24th day of August, 1861, and negotiable and payable at the office of discount and deposit of the Bank of Virginia at Union, and due and payable on the 21st day of December, 1861. Defendants appeared and pleaded *nil debet*, and also the plea of the statute of limitations of five years. To the plea of *nil debet* and the statute of limitations the plaintiff replied generally; and to the plea of the statute of limitations the plaintiff also tendered three special replications marked No. 1, No. 2 and No. 3, as follows: No. 1—And the said plaintiffs, for further replication to the defendants' plea of the statute of limitations, say that they could not, nor could either of them truly make the affidavit prescribed by section 27 of chapter 106 of the Code of West Virginia, and that therefore the said action was commenced within five years after the cause of action in the said declaration mentioned accrued; and this they are ready to verify, &c. No. 2—And the said plaintiffs, for further replication to the defendants' plea of the statute of limitations, say that their right to prosecute their said action was obstructed by war, insurrection and rebellion from the 1st day of July, 1861, to the 1st day of July, 1865, and so they say that their said action was commenced within five years after the said cause of action in the said declaration mentioned accrued; and this they are ready to verify, &c. No. 3—And the said plaintiffs, for further replication to the defendants' plea of the statute of lim-

1879
Special Term.

1879
Special Term.

The Bank of
Virginia for the
use of Isaacs,
Taylor & Wil-
liams v. Hand-
ley *et al.*

itations, say that their right to prosecute their said action was obstructed by war, insurrection and rebellion from the 1st day of July, 1861, to the 1st day of July, 1865, and that they could not, nor could either of them truly make the affidavit prescribed by section 27 of chapter 106 of the Code of West Virginia, and so they say that their said action was commenced within five years after the said cause of action in the said declaration mentioned accrued; and this they are ready to verify, &c. To the filing of each of said special replications the defendants objected, and the court sustained said objections and rejected said three special replications. HELD:

That this was not error in the court below for reasons stated in the opinion of this Court.

A writ of error to a judgment of the circuit court of Greenbrier county, rendered on the 5th day of November, 1874, in an action of debt in said court then pending, in which the president, directors and company of the Bank of Virginia were plaintiffs for the use of Isaacs, Taylor & Williams, and B. F. Handley and Harvey Handley were defendants, allowed on the petition of said Isaacs, Taylor & Williams.

Hon. Homer A. Holt, judge of the eighth judicial circuit, rendered the judgment complained of.

The facts of the case fully appear in the opinion of the Court.

*A. F. Mathews*, for plaintiffs in error.

*A. C. Smith* and *R. F. Dennis*, for defendants in error, relied on the following authorities:

10 W. Va. 115; Code, ch. 136, sec. 10; 9 W. Va. 622; 6 W. Va. 337; 4 W. Va. 72; *Id.* 496; *Id.* 383; *Id.* 97.

HAYMOND, JUDGE, delivered the opinion of the Court:

This is an action of debt brought by the plaintiff on the 27th day of July, 1874, for the use of William B. Isaacs, William G. Taylor and John C. Williams, partners in trade under the firm name and style of Isaacs, Taylor & Williams (plaintiffs in error) against B. F. Handley and Harvey Handley (defendants) in the circuit

court of the county of Greenbrier. The declaration demands $1,122.00, with interest thereon from the 21st day of December, 1861, until paid, and also $3.10 notarial charge for protest.

1879
Special Term.

The Bank of
Virginia for the
use of Isaacs,
Taylor & Williams v. Handley et al.

The declaration purports to be founded upon a negotiable note in writing, and declares that the said B. F. Handley, on the 24th day of August, 1861, at the said county of Greenbrier, "made his note in writing, bearing date the day and year aforesaid, and then and there delivered the same to the said Samuel C. Ludington, by which the said B. F. Handley promised to pay one hundred and sixteen days after the date thereof to the said Samuel C. Ludington or order the said sum of $1,122.00, without offset, negotiable and payable at the office of discount and deposit of the Bank of Virginia at Union, for value received; and that the said Samuel C. Ludington, to whom or to whose order the sum of money specified in the said note was to be paid, after the making thereof, and before the sum of money mentioned therein or any part of it was paid, to-wit, on the day and year aforesaid, at the county aforesaid, endorsed and delivered the said note to the said Austin Handley, by which endorsement with his name by him thereto subscribed, the said Samuel C. Ludington ordered the sum of money specified in said note to be paid to the said Austin Handley or his order, of which endorsement and delivery of said note to the said Austin Handley, the said B. F. Handley afterwards, to-wit, on the day and year aforesaid, had notice at the county aforesaid; and when afterwards, and before the sum of money specified in the said note or any part thereof was paid, to-wit, on the day and year aforesaid, at the county aforesaid the said Austin Handley, to whom or to whose order the sum of money specified in the said note was by the said endorsement directed to be 'paid, endorsed the said note to the said Harvey Handley, by which endorsement, with the name of the said Austin Handley by him thereto subscribed, he ordered the sum of

money specified in the said note to be paid to the said Harvey Handley or his order, and then and there delivered the said note so endorsed as aforesaid to the said Harvey Handley, of which last mentioned endorsement and delivery of the said note to the said Harvey Handley the said B. F. Handly afterwards, to-wit, on the day and year aforesaid, at the county aforesaid, had notice; and that afterwards, and before the sum of money specified in the said note or any part thereof was paid, to-wit, on the day and year aforesaid, at the county aforesaid, the said Harvey Handley, to whom or to whose order the sum of money specified in the said note was by the last mentioned endorsement directed to be paid, endorsed to the plaintiffs, by which endorsement with the name of the said Harvey Handley by him thereto subscribed he ordered the sum of money specified in the said note to be paid to the plaintiffs, and there and then delivered the said note so endorsed as aforesaid to the plaintiffs, of which last mentioned endorsement and delivery of the said note to the plaintiffs, the said B. F. Handley afterwards, to-wit, on the day and year aforesaid, had notice.

"And the plaintiffs aver that the said note, so endorsed as above stated, was deposited in the office of discount and deposit of the Bank of Virginia at Union, for payment, and that afterwards, when the said note became payable according to the tenor and effect thereof, to-wit, on the 21st day of December, 1861, the said B. F. Handley, at the county aforesaid, was notified thereof, and that the said note was then shown and presented to him for payment, according to the tenor and effect thereof and of the said endorsements thereon, and that he was then and there requested to pay the money specified therein, &c., but that he would not and did not pay the same then or afterwards, &c. Whereupon the said note was duly protested for the non-payment thereof; of all which matters the defendants and each of them have had due notice." The declaration then proceeds and concludes in the usual form.

Afterwards, at a circuit court held for said county, October 28th, 1874, the following order and entry was made in the case:

1879
Special Term.

The Bank of
Virginia for the
use of Isaacs
Taylor & Wil-
liams v. Hand-
ley *et al.*

"On motion of the defendants, (process not being executed on B. F. Handley) who pleaded *nil debet*, to which the plaintiffs replied generally, the judgment obtained in the office against them is set aside. The demurrer and three pleas. marked Nos. 1, 2 and 3 respectively, filed by the defendants, are in the words and figures following:

"DEMURRER.—The defendants, Harvey Handley and Austin Handley, demur to the plaintiffs' declaration, and say the same is not sufficient in law.

"PLEA No. 1.—And for plea said defendants say that they do not owe the debt in the plaintiffs' declaration mentioned; and of this they put themselves upon the country, &c.

"PLEA No. 2.—For further plea said defendants say that the cause of action in the plaintiffs' declaration mentioned did not accrue within five years before the institution of this action; and this they are ready to verify, &c.

"PLEA No. 3.—And for further plea said defendants say that the plaintiff was a bank of issue under the laws of the State of Virginia; that on the 5th day of April, 1865, and for a long time thereafter, the note in the plaintiffs' declaration mentioned was the property of the plaintiff; that on the said 5th day of April, 1865, the plaintiff had and still has a large amount of the notes of its issue, to-wit, $50,000.00 outstanding and unredeemed; that said issues were, at the time the note sued on was transferred to the beneficiaries in this suit by the plaintiff, entirely worthless and are now altogether worthless; that said note was transferred by the plaintiff without any valuable consideration with intent to defraud these defendants, who are now and always have been ready and willing to pay said note in the issues of the plaintiff; and this they are ready to verify," &c.

1879
Special Term.

The Bank of
Virginia for the
use of Isaacs,
Taylor & Wil-
liams v. Hand-
ley *et al.*

Afterwards, on the 5th day of November, 1874, the following proceedings and judgment were had and rendered in the cause :

The defendants demurred to the plaintiffs' declaration and the plaintiffs joined therein, &c.

To said pleas No. 1 and No. 2 the plaintiffs replied generally; and to the filing of plea No. 3 the plaintiffs objected, which objection the court sustained and rejected said plea ; and the defendants excepted. To said plea No. 2 the plaintiffs also tendered three special replications in writing, marked No. 1, No. 2, and No. 3 in these words : "And the said plaintiffs, &c." To the filing of each or either of said replications, the said defendants objected ; and the court sustained said objection, and rejected said three replications ; and the plaintiffs excepted. Said rejected plea and replications are here made parts of the record in this case. And upon argument of said demurrer, the court overruled the same ; and issues having been joined on said pleas No. 1 and No. 2, and neither party requiring a jury, all matters both of law and fact were by consent submitted to the court. And the plaintiffs read in evidence the note in the declaration mentioned, and the certificate of protest, which note and certificate are in these words : "Union, August 24, 1861," &c. And this being all the proof offered, the court doth find for the plaintiffs upon the plea of *nil debet,* and for the defendants upon the plea of the statute of limitations. It is therefore considered by the court that the plaintiffs take nothing by their bill ; and that the detendants, Austin and Harvey Handley, recover from the usecs, Isaacs, Taylor & Williams, their costs here expended.

The pleas of defendants, 1, 2 and 3, last above mentioned have already been given in full. Replications No. 1, No. 2 and No. 3 are as follows :

"No. 1—And the said plaintiffs, for further replication to the defendants' plea of the statute of limitations, say that they could not, nor could either of them, truly

make the affidavit prescribed by section 27 of chapter 106 of the Code of West Virginia, and that therefore the said action was commenced within five years after the cause of action in the said declaration mentioned accrued, and this they are ready to verify," &c.

"No. 2—And the said plaintiffs, for further replication to the defendants' plea of the statute of limitations, say that their right to prosecute their said action was obstructed by war, insurrection and rebellion from the 1st day of July, 1861, to the 1st day of July, 1865, and so they say that their said action was commenced within five years after the said cause of action in said declaration accrued, and this they are ready to verify," &c.

"No. 3—And the said plaintiffs, for further replication to the defendants' plea of the statute of limitations, say that their right to prosecute their said action was obstructed by war, insurrection and rebellion, from the 1st day of July, 1861, to the 1st day of July, 1865, and that they could not, nor could either of them, truly make the affidavit prescribed by section 27 of chapter 106 of the Code of West Virginia, and so they say that their said action was commenced within five years after the said cause of action in the declaration mentioned accrued, and this they are ready to verify," &c.

The note in the declaration mentioned is as follows:

"$——. One hundred and sixteen days after date, I promise to pay Samuel C. Ludington, or order, without offsets, eleven hundred and twenty-two dollars, negotiable and payable at the office of discount and deposit of the Bank of Virginia, at Union. Value received.

"B. F. HANDLEY."

Endorsements on said note: "Credit the maker. Samuel C. Ludington, Austin Handley, Harvey Handley."

The certificate of protest containing certificate of notification to the makers and endorsers of said note is in the usual form; and no objections are made or taken as to its sufficiency before us.

1879
Special Term.

The Bank of
Virginia for the
use of Isaacs,
Taylor & Wil-
liams v. Hand-
ley *et al.*

To the said finding and final judgment of said circuit court rendered in the cause the usees, Isaacs, Taylor & Williams, obtained from one of the judges of this Court in vacation a writ of error; and in this way the said finding and final judgment of the said circuit court has been brought before us for review. And the plaintiffs in error have assigned as error in said judgment the following, namely : " The court erred in rejecting the three special replications, Nos. 1, 2 and 3, tendered by your petitioners to the defendants' plea No. 2, of the statute of limitations." No other error has been assigned or brought to our attention in argument.

Section 27 of chapter 106 of the Code of 1868 of this State provides for and contains what is commonly known and called the suitor's test oath : and section 10 of chapter 136 provides the mode by which a defendant or one of the defendants may have a suit dismissed by order of the court where the cause of action accrued prior to the 1st day of April, 1865, unless the person, for whose use or benefit the suit is prosecuted, within such reasonable time, (not less than thirty days) to be designated in such order as the court or justice may appoint, make the affidavit prescribed by the 27th section of chapter 106, and file the same in the papers of the cause. " But such last named order shall not be made until after the defendant or defendants shall have made and filed the same affidavits as those required of the plaintiff; and if the action or suit be prosecuted for the use of a corporation, married woman, infant, insane person, or personal representative of a deceased person, no order dismissing the cause shall be made ; and if it be brought for the use and benefit of a resident of another State, or a territory of the United States, or the District of Columbia, that part of the said oath requiring the person who takes it to support the Constitution of this State shall be omitted on the affidavit of the person for whose use or benefit the action or suit is prosecuted, or of any attorney for the plaintiff, shall be received as *prima facie* evidence that

such person is entitled to prosecute such action or suit."

In the case of *Beirne* v. *Brown*, 4 W. Va. 72, it was held that the suit must be dismissed if the defendants, or some one of a number of defendants, made the necessary affidavit, unless the plaintiffs, or some one of the plaintiffs, should take and file the oaths required by the said act. See also *Nadenbousch & Riddle* v. *Sharer*, 2 W. Va. 285; *Harrison's adm'r* v. *Smith, Rhodes & Co.*, 4 W. Va. 97. But if one of the plaintiffs was not required by the act to take the oath, or rather was exempted from this requirement to take the oath, then under the act the court could not dismiss the case. I think this is quite clear from the reading of the said 10th section of chapter 136 of the Code of this State.

So far as anything appears in this case, the plaintiff, who sues for the use of the parties named, was the owner of the negotiable note in the declaration mentioned up to the time of the institution of this suit, and was not, because of anything, set up in said replication No. 1, prevented from suing upon said note, and could not have been, because being a corporation it was not and could not have been required to take said test-oath under said 10th section of chapter 136 of the Code. This being so, then, according to the principles settled by this Court in the case of *Huffman* v. *Alderson's adm'r*, 9 W. Va. 616, 621 and 622, chapter 28 of the Acts of 1872-3 (called by mistake chapter 29, in the opinion of Judge Green in said last named case,) did not operate an extension of the statute of limitations as to said plaintiff, (the corporation.) Then, so far as anything appears in said replication No. 1, the plaintiff, (the corporation,) was for aught that appears in this record, barred by the statute of limitations long prior to the time the usees acquired any interest whatever in said note, because this suit was not commenced until on the 27th day of August, 1874, and the note was due and payable on the 21st day of December, 1861, as averred in the declaration.

1879
Special Term.

The Bank of
Virginia for the
use of Isaacs,
Taylor & Williams v. Handley *et al.*

1879
Special Term.
─────────
The Bank of
Virginia for the
use of Isaacs,
Taylor & Wil-
liams v. Hand-
ley *et al.*

Replication No. 1, is the replication of the "plaintiffs." What "plaintiffs"? Does it mean the "plaintiffs," the corporation, or the usees, or both? I think the word "plaintiffs" used in replication No. 1, as therein employed must be held to mean the "plaintiffs." (the corporation.) If so, the replication is manifestly bad for the reasons above stated. But suppose. I am wrong in this and it means the "plaintiffs,". (the corporation) and the usees all, then it is bad, if for no other reason, because the replication fails to show that the usees became the owners of said note before the right of action by the "plaintiffs," (the corporation,) was barred by the statute of limitations. If the plaintiffs, (the corporation,) were barred by the statute of limitations at the time the usees become the owners of the said note, the fact that the usees could not take said test oath at the time they became such owners would not operate an extension of the statute of limitations as to them. To so hold would allow the corporation barred by the statute to evade it in all cases at its pleasure contrary to the true meaning and intent of said chapter 28, of the Acts of 1872-3, as substantially expounded by this Court in said case of *Huffman* v. *Alderson's adm'r*. Or suppose the word "plaintiffs" as used in the replication, means the usees alone, then the replication would be bad for the reason above stated, if none other. And if it is in fact uncertain, whether replication No. 1, means the plaintiffs, (the corporation) or the usees, then also for this cause in this case it would be bad for uncertainty, as the affidavit was held bad for uncertainty in the case of *Harrison* v. *Leech, use &c.*, 4 W. Va. 383. I am unable to see that the court erred in rejecting the said replication No. 1.

As to replication No. 2. This replication is clearly bad, if for no other reason, because, excluding the time from the 1st day of July, 1861, to the 1st day of July, 1865, for the cause therein specified, more than five years elapsed between the 1st day of July, 1865, and the com-

1879
Special Term.

The Bank of
Virginia for the
use of Isaacs,
Taylor & Williams v. Handley *et al.*

mencement of this suit. The court did not err in rejecting replication No. 2 for the reasons above stated.

As to replication No. 3. This replication is double; and neither of the matters set up therein in avoidance of the statute of limitations is sufficient or good, as pleaded, for reasons before stated.

Upon the whole, it seems to me, there is no error in the finding and judgment of the circuit court of the county of Greenbrier, rendered in this cause on the 5th day of November, 1874; and the same must therefore be affirmed, and the defendants in error recover from the plaintiffs in error $30.00 damages and their costs about the prosecution of their writ of error in this cause in this Court expended.

JUDGES GREEN AND JOHNSON CONCURRED.

JUDGMENT AFFIRMED.